# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHEN NIVENS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN J. PHILLIP MORGAN and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF MARYLAND,<br><br>Respondents. | Civil Action No. TDC-16-2648 |

## MEMORANDUM OPINION

Petitioner Stephen Nivens, an inmate at the Maryland Correctional Training Center in Hagerstown, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Nivens, who is self-represented, challenges the validity of his conviction and the sentence imposed after he pleaded guilty in the Circuit Court for Baltimore County, Maryland to second-degree sexual offense and first-degree burglary. The Petition is fully briefed. Upon review of the submitted materials, the Court finds a hearing unnecessary. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DENIED.

## BACKGROUND

On July 9, 2007, Nivens was indicted in the Circuit Court for Baltimore County for first-degree sexual offense, first-degree burglary, and several related counts arising from events that took place on October 25, 1987. In June 2008, a jury convicted Nivens of first-degree sexual offense and first-degree burglary, for which he received a total sentence of 70 years of

imprisonment. On direct appeal, however, the Maryland Court of Special Appeals reversed Nivens's convictions, finding that the trial court had erred in admitting evidence of a prior sexual assault allegedly committed by Nivens. After the case was remanded, Nivens and the State reached a plea agreement. On September 15, 2011, Nivens entered a guilty plea to second-degree sexual offense and first-degree burglary, in which he maintained his innocence pursuant to *North Carolina v. Alford*, 400 U.S. 25, 37–39 (1970). On October 31, 2011, Nivens was sentenced to 20 years of imprisonment on each count, to run consecutively, for a total term of 40 years.

After his sentencing, Nivens mounted various challenges to his conviction and sentence. Nivens filed three Motions to Correct an Illegal Sentence, the first of which was granted in part to credit Nivens for 1,525 days of time served. Nivens's second Motion to Correct an Illegal Sentence, protesting the calculation of good conduct credits and the sex offender registration requirement, was denied, with the decision affirmed by the Court of Special Appeals. The final Motion to Correct an Illegal Sentence, which raised further objections to Nivens's diminution credits and a double jeopardy claim, was denied. The Court of Special Appeals affirmed that denial on September 8, 2017.

Nivens has also pursued state post-conviction remedies. On October 10, 2012, Nivens filed a petition for post-conviction relief pursuant to the Maryland Uniform Postconviction Procedure Act, Md. Code Ann., Crim. Proc. §§ 7–101 to 7–301 (2018). Nivens challenged the legality of his sentence and further asserted that his guilty plea to first-degree burglary and his sentence violated the Double Jeopardy Clause and Ex Post Facto Clause of the United States and Maryland Constitutions. On February 12, 2013, the Circuit Court rejected Nivens's arguments and dismissed the petition without holding a hearing. The Court of Special Appeals denied his application for leave to appeal the ruling.

On January 8, 2016, Nivens filed a second post-conviction petition. Finding that the petition raised the same issues previously dismissed, the Circuit Court dismissed the second petition in a brief order. After Nivens filed a third post-conviction petition on August 1, 2016, a defense attorney entered an appearance on Nivens's behalf. Because Nivens had never been afforded the post-conviction hearing he is entitled to under Maryland law, the Circuit Court reopened Nivens's post-conviction proceedings and scheduled a hearing for February 28, 2018. Before the hearing, however, Nivens withdrew his third post-conviction petition.

Separate from his post-conviction petitions, Nivens also filed a state petition for a writ of habeas corpus. On July 28, 2016, Nivens filed that petition in the Circuit Court for Washington County. He presented the same claims asserted in his post-conviction petitions, including claims of a miscalculation of his diminution credits and violations of the Double Jeopardy and Ex Post Facto Clauses. The Circuit Court denied the state habeas petition, finding no error in the calculation of Nivens's diminution credits and holding that the other claims were not properly before the court. Nivens appealed the denial of the state habeas petition, but the Court of Special Appeals dismissed the appeal for failure to comply with court procedures.

Meanwhile, on July 21, 2016, Nivens filed his federal Petition for a Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254. Nivens asserts a number of arguments for relief, all of which are substantially similar to those presented in his state post-conviction petitions and state habeas corpus petition. On November 13, 2017, prior to the scheduled hearing on the third state post-conviction petition, Respondents asked this Court to stay the present federal habeas case to allow Nivens to complete his state post-conviction remedies. The Court granted the requested stay, but after Respondents informed the Court that Nivens had withdrawn that post-conviction petition before the hearing date, the Court lifted the stay on March 19, 2018. Respondents then

filed an Answer, arguing that Nivens's Petition should be dismissed based on a failure to exhaust state remedies, based on procedural default, and on the merits. Nivens filed a Reply and has also submitted four other supplemental filings. ECF Nos. 25, 36, 37, 39, 40.

## DISCUSSION

In the Petition, Nivens asserts several grounds for relief, falling into two main categories. First, Nivens argues that multiple laws were applied against him in violation of the Ex Post Facto Clause of the United States Constitution, including laws relating to the collection and admissibility of evidence, sex offender registration, and diminution credits. Second, he asserts that the State violated the Double Jeopardy Clause of the Constitution because in failing to apply certain diminution credits accrued before Nivens's initial conviction was overturned to the sentence imposed after Nivens's guilty plea, the State effectively punished Nivens twice for the same crime. Nivens further claims that his *Alford* plea to first-degree burglary violated the Double Jeopardy Clause because he was acquitted of a separate first-degree burglary charge at trial. In opposing the Petition, Respondents argue that Nivens failed to exhaust state remedies and that his ex post facto and double jeopardy claims are meritless.

### I. Legal Standard

A federal petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a) (2018). The federal habeas statute sets forth a highly deferential standard for evaluating state court rulings, under which state court decisions are to "be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005); *see also Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997). A federal court may not grant a writ of habeas corpus unless the state court's adjudication on the merits (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by

the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). "[A] a federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)). The state court's application of federal law must be "objectively unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 409). Furthermore, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010) (citation omitted). The fact that "reasonable minds reviewing the record might disagree about the finding in question" is not enough to deem a state court's factual determination unreasonable. *Id.*

## II. Exhaustion of State Remedies

As a threshold issue, Respondents argue that the Petition should be dismissed in its entirety because he failed to exhaust state remedies on each of his claims. A petitioner seeking habeas relief in federal court generally must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, a defendant must assert the claim in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12–201, 12–301 (2013). To exhaust a claim

through post-conviction proceedings, a defendant must assert the claim in a petition filed in the Circuit Court in which the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7–101 to 7–103. After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Court of Special Appeals. *Id.* § 7–109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12–202.

Presumably based on the reopening of Nivens's state post-conviction proceedings and Nivens's subsequent withdrawal of his petition, Respondents argue that Nivens has "affirmatively declined to pursue" his available state remedies to completion. Ans. at 18, ECF No. 30. Under Maryland law, an inmate is generally entitled to only one state petition for post-conviction relief. Md. Code Ann., Crim. Proc. § 7–103(a). However, as in Nivens's case, a state court may reopen a post-conviction proceeding if the court determines "the action is in the interests of justice." *Id.* § 7–104. Although the state post-conviction court reopened Nivens's case after realizing that Nivens had never received a hearing mandated under Maryland law, that court had previously dismissed Nivens's claims. Nivens had properly filed a petition for leave to appeal that decision, which was denied by the Court of Special Appeals. Thus, before he sought to reopen his post-conviction proceedings, Nivens had exhausted state remedies. Md. Code Ann., Cts. & Jud. Proc. § 12–202(1); *see Sherman v. State*, 593 A.2d 670, 670 (Md. 1991) (finding that the Court of Appeals "has no certiorari jurisdiction to grant post-conviction relief when the Court of Special Appeals has simply denied an application for leave to appeal in a post-conviction proceeding"). Notably, Nivens also filed a state habeas corpus petition, through which certain of the claims before this Court were also denied on the merits. As a result, all of the grounds of relief now before the Court on federal habeas review have been raised and resolved once if not twice in

separate state court proceedings. Under these circumstances, even if Nivens technically has remaining avenues toward relief in state court, due to the procedural irregularities in this case and the fact that multiple state courts have already ruled on these same claims, the Court declines to dismiss Nivens's petition on the basis of exhaustion. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## III. Ex Post Facto Clause

### A. Collection and Admissibility of Evidence

Nivens mounts challenges to a number of state laws and rules adopted after the conduct of his offenses of conviction that he asserts were improperly applied against him, in violation of the Ex Post Facto Clause. In particular, Nivens asserts that Maryland Rule 4–212(a), relating to the issuance of a summons and arrest warrant, and Maryland Rule 4–601, relating to the issuance of a search warrant, both of which were amended after the commission of the offense of conviction, were improperly applied to him. He further asserts that Sections 2–501 to 2–510 of the Public Safety Article of the Maryland Code, governing the use of DNA evidence, were improperly applied against him because these provisions were enacted after the crime of conviction was committed. Nivens similarly argues that the application against him of Section 10–915 of the Courts and Judicial Proceedings Article, relating to the admissibility of DNA profile evidence, violated the Ex Post Facto Clause.

Nivens's ex post facto claims relating to these statutes and rules have been procedurally defaulted. Even assuming that Nivens exhausted all available state remedies, the Court must consider whether the procedural default doctrine applies to bar federal review of one or more of these claims. A claim is procedurally defaulted if a "state court clearly and expressly bases its

dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A state procedural bar to raising a new claim may constitute such a ground. *See id.*

Nivens asserted ex post facto challenges against these same laws in his first state post-conviction petition. The state post-conviction court dismissed those claims, explicitly relying on a state procedural rule. Under the Maryland Uniform Postconviction Procedure Act, absent special circumstances, "an allegation of error is waived when a petitioner could have made but intelligently and knowingly failed to make the allegation" before or at trial. Md. Code Ann., Crim. Proc. § 7–106(b)(1)(i). When the petitioner could have made an allegation of error at such a proceeding but did not, "there is a rebuttable presumption that the petitioner intelligently and knowingly failed to make the allegation." *Id.* § 7–106(b)(2). Here, Nivens's ex post facto claims arise out of laws governing Nivens's arrest and the use of evidence. The state post-conviction court found that Nivens "could have challenged these statutes . . . at his trial date on September 15, 2011." 2/12/13 State Post-Conviction Op. at 8, Mot. Stay Ex. 1, ECF No. 15-1. Instead, Nivens entered an *Alford* plea to second-degree sexual offense and first-degree burglary and acknowledged that "he was giving up the important rights of having a jury trial." *Id.* Finding that Nivens had not presented any evidence to rebut the presumption of waiver, the state post-conviction court dismissed the claims. *Id.* at 9. Accordingly, the state post-conviction court's resolution of these claims was based on a procedural rule, constituting an adequate and independent ground for dismissal. *See* Md. Code Ann., Crim. Proc. § 7–106(b)(1); *see Newton v. State*, 168 A.3d 1, 7 n.5 (Md. 2017) (finding a waiver under section 7–106(b)(1) of a claim first

raised in a post-conviction petition when the defendant failed to allege error at trial or on direct appeal).

When a state prisoner's habeas claim has been procedurally defaulted, a federal court may not address the merits of the claim unless the petitioner can show both "cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Breard*, 134 F.3d at 620. "Cause" consists of "some objective factor external to the defense" that "impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S 478, 488 (1986). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. In addition, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)) (alteration in original); *Coleman*, 501 U.S. at 750 (holding that procedural default may be excused if the failure to consider the claims will result in a "fundamental miscarriage of justice"). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. To be credible, "a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

Neither exception to the procedural default bar applies. As to cause and prejudice, nothing in the record suggests that Nivens's procedural default was due to external circumstance. Nivens also presents no new evidence to support his claim of innocence. Where Nivens has provided no

basis for excusing his procedural default, the Court will dismiss these ex post facto claims as procedurally defaulted.

## B. Sex Offender Registration

Nivens also asserts that the requirement that he must register as a sex offender violates the Ex Post Facto Clause because the registration requirement applied to him was enacted after the date of the offense. Under the relevant Maryland law, first enacted in 1995, before the conduct underlying Nivens's conviction, persons convicted of certain sex offenses are required to register with their "supervising authority." Md. Code Ann., Crim. Proc. § 11–704(a). In 2010, the statute was amended to provide for retroactive application of the registration requirement to those "under the custody or supervision of a supervising authority on October 1, 2010." *Id.* § 11–702.1(a)(1). Thus, although Nivens did not have to register as a sex offender after his initial conviction in 2008, he was required to register after he pleaded guilty in 2011. At Nivens's plea colloquy, the state court specifically informed Nivens that he would be required to register as sex offender "in all likelihood for life." 9/15/11 Plea Tr. at 10, Ans. Ex. 1, ECF No. 30-1. Nivens acknowledged that he understood this requirement. *Id.*

The United States Constitution prohibits states from enacting any ex post facto laws. U.S. Const. art. 1, § 10, cl. 1. "One function of the Ex Post Facto Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission." *Garner v. Jones*, 529 U.S. 244, 249 (2000). States are not, however, precluded "from making reasonable categorical judgments that conviction of specified crimes should entail particular regulatory consequences." *Smith v. Doe*, 538 U.S. 84, 103 (2003). In *Smith*, the Supreme Court rejected a challenge to Alaska's sex offender registration law under the Ex Post Facto Clause. *Id.* at 105–06. In so ruling, the Court first had to determine whether the state intended to "enact a regulatory

scheme that is civil and nonpunitive." *Id.* at 92. After finding that the state intended to create such a regime, the Court analyzed the effects of the law to ensure the statute was not "so punitive" as to negate the state's intention "to deem it civil." *Id.* (internal citation omitted). Finding that Alaska's chosen "regulatory means" were "reasonable in light of the nonpunitive objective," the Court held that the state law did not violate the Ex Post Facto Clause. *Id.* at 105.

When Nivens raised this claim in his initial state post-conviction petition, the state post-conviction court found that the law did not violate the Ex Post Facto Clause because "sex offender registration is not punishment in the constitutional sense" but rather "a remedial requirement for the protection of the public." 2/12/13 State Post-Conviction Op. at 9 (quoting *Young v. State*, 806 A.2d 233, 250 (Md. 2002)). The state post-conviction court relied on the decision of the Maryland Court of Appeals in *Young v. State*, 806 A.2d 233 (Md. 2002), a case decided before *Smith* but which applied an "intent-effects" test that is essentially the same test as the analysis set forth in *Smith*. *Id.* at 248–49. In *Young*, the court applied that test to an earlier version of the Maryland sex offender registration requirement and concluded that it did not constitute punishment implicating the Ex Post Facto Clause. *Id.* at 250. Thus, the state post-conviction court effectively adopted the conclusion of the Maryland Court of Appeals, based on the appropriate federal standard, that the Maryland sex offender registration law does not violate the Ex Post Facto Clause.

Although Nivens relies on the more recent decision in *Doe v. Department of Public Safety and Correctional Services*, 62 A.3d 123 (Md. 2013), in which the Maryland Court of Appeals held that the retroactive application of Maryland's sex offender registration law is an ex post facto violation, that decision was "based exclusively upon [the court's] interpretation of the protections afforded by Article 17 of Maryland's Declaration of Rights," not the federal Constitution's Ex Post Facto Clause. *Id.* at 130 & n.11. In so ruling the court adopted a more lenient standard for purposes

of Article 17, that a law implicates the Ex Post Facto Clause if it "disadvantages the offender," and acknowledged that such a standard provides broader protection than the United States Constitution. *Id.* at 136. On federal habeas review, however, the relevant question is whether the state court's decision was a reasonable application of clearly established federal law as "determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding that federal habeas relief is not available for errors of state law). Here, where the state post-conviction court's decision relies on an analysis under the federal test established by the Supreme Court, the decision meets the deferential standard as a reasonable application of clearly established federal law.[1]

### C. Special Project Credits

Nivens's final challenge under the Ex Post Facto Clause relates to his entitlement to special project diminution of confinement credits, which reduce the length of an inmate's incarceration. An inmate committed to the custody of the Maryland Division of Correction ("DOC") can obtain diminution credits for good conduct, work tasks, education, and special projects. Md. Code Ann., Corr. Servs. §§ 3–703 to 3–707 (2017). An inmate must be released after serving time equal to the length of his term of confinement less any diminution credits he has earned. *See id.* § 7–501(a)(3).

---

[1] Since the Maryland Court of Appeals' decision in *Doe*, the Department of Public Safety and Correctional Services ("DPSCS") has reviewed the registry to remove individuals who were convicted of sexual offenses for conduct prior to 1995. *See Department Continues to Review Additional Registered Sex Offenders*, Maryland.gov (Aug. 12, 2014), https://news.maryland.gov/dpscs/2014/08/12/dpscs-begins-removing-offenders-from-sex-offender-registry-after-june-court-of-appeals-ruling/. While nothing in the record suggests Nivens has been removed from the registry, the Court notes that he may no longer be subject to the requirement.

To qualify as a "special project" credit, a diminution credit must derive from a program designated by the Commissioner of Correction and approved by the Secretary of the Department of Public Safety and Correctional Services ("DPSCS"). Md. Code Ann., Corr. Servs. § 3–707(a)(1). In 1990, the DOC issued regulations providing special project credits if an inmate was "[a]ssigned to a cell containing two beds," known as "double-celling." Md. Code Regs. § 12.02.06.04F(1) (2019) (formerly § 12.02.06.05N(2) (1990)). Under a later amendment to the regulations, inmates serving sentences for certain crimes, including sex offenses, are not eligible for the double-celling credits. *Id.* § 12.02.06.04F(3)(a). Nivens argues that because the provision making sex offenders ineligible for double-celling credits was adopted in 2002, after the offense of conviction occurred in 1987, he was denied double-celling credits in violation of the Ex Post Facto Clause.

Nivens raised this claim in both his state post-conviction petition and state habeas corpus petition. Although the state post-conviction court rejected the argument based on Nivens's failure to support his claim with a factual basis, the state habeas court dismissed the claim on the merits. After finding that the DOC had correctly determined that Nivens was ineligible to earn double-celling credits while serving the sentence imposed after his conviction at trial, the state habeas court rejected Nivens's ex post facto claim because the double-celling credit provision was instituted in 1990, such that at the time of the offense in 1987, the Commissioner "had not designated double celling as a special project." 12/7/16 State Habeas Op. at 7, Ans. Ex. 8, ECF No. 30-8. Thus, while the amendment to the regulations rendering Nivens ineligible for double-celling credits occurred after the offense of conviction was committed in 1987, it did not increase the punishment Nivens faced at the time of that offense.

Under clearly established federal law, a statute violates the Ex Post Facto Clause "if it is both retrospective and more onerous than the law in effect on the date of the offense." *Weaver v. Graham*, 450 U.S. 24, 30–31 (1981). On the date of the offense, special project credits for double-celling were unavailable. Accordingly, the state habeas court's conclusion that the amendment rendering sex offenders ineligible for double-celling credits was not an ex post facto law because it did not "disadvantage[] the offender" by "increasing the punishment for the crime" was a reasonable application of federal law. 12/7/16 State Habeas Op. at 7 (quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)). The Petition will be denied as to the ex post facto claims.

## IV. Double Jeopardy Clause

Nivens's final two arguments for relief are grounded in the Double Jeopardy Clause of the Fifth Amendment to the Constitution. The Double Jeopardy Clause provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause protects a criminal defendant against three specific harms: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Jones v. Thomas*, 491 U.S. 376, 380–81 (1989). Nivens claims double jeopardy arising from the calculation of his good conduct credits and from his *Alford* plea to first-degree burglary after a previous acquittal on a separate first-degree burglary charge.

### A. Good Conduct Credits

First, Nivens asserts he has been unlawfully deprived of good conduct diminution credits. Good conduct credits operate as an advanced deduction from an inmate's term of confinement, subject to future good behavior. Md. Code Ann., Corr. Servs. § 3-704(a). Good conduct credits may be revoked "[i]f an inmate violates the applicable rules of discipline." *Id.* § 3-709(a). When

Nivens was initially convicted after trial in 2008, he was awarded good conduct credits based on his 70-year sentence at a rate of five days per month. *See id.* § 3–704(b)(2). Nivens argues that he is entitled to what he calculates as 4,174 projected good conduct credits from that reversed sentence. Instead, the DOC counted 129 of those good conduct credits toward Nivens's new sentence, representing the credits earned during the time served on the previous sentence from July 18, 2008 to May 11, 2010. *See* DPSCS Letter, Pet. Ex. 1. at 8, ECF No. 1-1. Nivens was further awarded 2,149 projected good conduct credits based on his new 40-year sentence. DPSCS Credit Balance, Pet. Ex. 1. at 7, ECF No. 1-1.

Nivens's claim that the DOC's refusal to credit him for the 4,174 projected good conduct credits on his initial sentence violates the Double Jeopardy Clause implicates the third protection of the clause, the protection against multiple punishments for the same offense. Nivens raised this same argument in his state habeas petition. Without any reference to double jeopardy, the state habeas court rejected this claim, finding that Nivens was entitled only to the 129 good conduct credits associated with the time served under the prior sentence.

Disputes over the calculation of diminution credits are generally issues of state law and do not give rise to a federal question. *McCray v. Rosenblatt*, No. 94-6097, 1994 WL 320212, at *1 (4th Cir. July 6, 1994) (per curiam) (unpublished) (denying a challenge to the calculation of credits because it "only alleged a violation of state, not federal, law"); *see also Estelle*, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). Although Nivens frames his claim as a double jeopardy challenge, he supports his argument by citing to state law. Nivens asserts that he is entitled to the good conduct credits for his prior sentence pursuant to a provision of state law providing that an inmate whose sentence is set aside and who is re-prosecuted or

resentenced must receive credit "for all time spent in custody under the prior sentence." Md. Code Ann., Crim. Proc. § 6–218(c).

Even if Nivens's claim is cognizable on federal habeas review, the Court finds nothing in the record to support a violation of the Double Jeopardy Clause. The Supreme Court has described the purpose of the protection against multiple punishments as "to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." *Jones*, 491 U.S. at 381. The Maryland legislature has determined that individuals who are resentenced should receive credit for time served, Md. Code Ann., Crim. Proc. § 6–218(c), and the state habeas court found Nivens was properly credited for the good conduct credits he earned on his prior sentence. Nivens has identified no legal requirement that he receive good conduct credits from his overturned sentence associated with periods of time that he did not serve under that sentence. Indeed, where he has now received good time credits for such future time periods through his present sentence, such credits would be inappropriately duplicative in part. Accordingly, the state habeas court's rejection of this claim does not amount to an unreasonable application of clearly established federal law nor an unreasonable determination of the facts. The Petition will be denied as to the double jeopardy challenge to the calculation of good conduct credits.

### B. First-Degree Burglary Guilty Plea

Next, Nivens challenges the validity of his *Alford* plea to first-degree burglary as a violation of the Double Jeopardy Clause. When Nivens was indicted in July 2007, he was charged with, among other crimes, two counts of first-degree burglary. At trial, the jury convicted Nivens on Count 5, first-degree burglary with intent to commit a sex offense, as well as one count of first-

degree sexual offense. However, Nivens was acquitted on Count 6, first-degree burglary with intent to commit theft. After Nivens's successful appeal resulted in the reversal of his conviction, Nivens entered an *Alford* plea as to Count 5, as well as to a charge of second-degree sexual offense, and was resentenced on those charges.

Nivens appears to raise two distinct double jeopardy arguments relating to his guilty plea to the first-degree burglary charge in Count 5. First, Nivens argues that his guilty plea to that charge was improper because the jury acquitted him of the separate first-degree burglary charge in Count 6. Second, Nivens suggests that his guilty plea to first-degree burglary was unlawful because he had already been convicted of that same charge at trial. Under either theory, Nivens's double jeopardy claim fails.

With respect to the first theory, Nivens argues that Count 6 was the "lesser included offense" of Count 5. Pet. at 18, ECF No. 1. Nivens thus asserts that his plea to Count 5 amounted to a second prosecution for the same offense after acquittal, which is prohibited by the Double Jeopardy Clause. The Maryland Court of Special Appeals, however, rejected this claim in denying Nivens's third Motion to Correct an Illegal Sentence. The Court of Special Appeals concluded that Count 5 and Count 6 were two separate charges, such that the guilty plea on Count 5 did not run afoul of the Double Jeopardy Clause. This Court agrees.

For purposes of double jeopardy, two offenses are not the "same offense" where one crime requires proof of a different element not required for conviction on the second crime. *Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."). In Count 5, Nivens was charged with first-degree burglary with

intent to commit a sexual offense under section 6–202(b) of the Criminal Law Article of the Maryland Code, which provides that "[a] person may not break and enter the dwelling of another with the intent to commit a crime of violence." Md. Code Ann., Crim. Law § 6–202(b) (2012); *see id.* § 14–101(a)(13) (defining the term "crime of violence" as including "sexual offense in the second degree"). In contrast, Count 6 charged Nivens with first-degree burglary with intent to commit theft under section 6–202(a), which provides that "[a] person may not break and enter the dwelling of another with the intent to commit theft." *Id.* § 6–202(a). Where one offense requires proof of intent to commit a crime of violence, and the other requires proof of a distinct element, intent to commit theft, the two counts were not the "same offense." *Blockburger*, 284 U.S. at 304. Accordingly, the state court's determination that acquittal on Count 6 did not preclude re-prosecution and a guilty plea on Count 5 was a reasonable application of federal law.

Nivens's second argument is premised on a violation of the Double Jeopardy Clause's protection against a second prosecution for the same offense after conviction. Nivens asserts he was subjected to a "second conviction" for the same offense when he entered an *Alford* plea to Count 5 after his initial conviction of Count 5 was reversed on appeal. Reply at 31, ECF No. 36. The state post-conviction court rejected this claim based on *Burks v. United States*, 437 U.S. 1 (1978), in which the Supreme Court held that although the Double Jeopardy Clause bars a second trial after a conviction was reversed due to insufficiency of the evidence, a reversal for another form of "trial error" does not preclude a retrial. *Id.* at 14–16. Here, Nivens's original conviction on Count 5 was reversed based on the trial court's error of admitting evidence of a prior sexual assault allegedly committed by Nivens. As Nivens's conviction was reversed based on "the incorrect receipt . . . of evidence," not insufficiency of the evidence, the state post-conviction court correctly rejected the double jeopardy claim. 2/12/13 State Post-Conviction Op. at 4–5 (quoting

18

*Burks*, 437 U.S. at 15). Accordingly, the Court will deny the Petition as to Nivens's double jeopardy claim relating to his first-degree burglary conviction.

## V. New Claims

In addition to his Petition and Reply, Nivens has submitted three additional filings, including two entitled "Supplemental Motion and Exhibit." ECF Nos. 25, 37, 39. Nivens has also filed a Motion to Supplement and Amend his Reply. ECF No. 40. To the extent that these filings seek to offer additional briefing in support of the claims asserted in the Petition, leave to file additional briefs will be denied as contrary to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). In any event, the asserted arguments do not alter the Court's analysis. To the extent that these filings can be construed as alleging new claims not asserted in the Petition, the Court declines to consider them. *See* Section 2254 Rule 2(c) (requiring that the petition must "specify all the grounds for relief available to the petitioner"); *cf. Yousefi v. INS*, 260 F.3d 318, 326 (4th Cir. 2001) (finding that an argument raised for first time in a reply brief was waived).

## VI. Certificate of Appealability

Section 2254 Rule 11(a) provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Nivens must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Nivens's claims are denied and dismissed on both procedural grounds and the merits. Upon review of the record, the Court finds that Nivens has not made the requisite showing under the applicable standards. The Court therefore declines to issue a certificate of appealability. Nivens may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b); *Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be DENIED and DISMISSED. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: November 15, 2019

THEODORE D. CHUANG
United States District Judge